IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| CHERRELE PAYTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:25-cv-02808-TLP-cgc |
| v. | ) | |
| | ) | JURY DEMAND |
| WILLIAM SPEARMAN, and CITY OF | ) | |
| MUNFORD, TENNESSEE, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER GRANTING CITY OF MUNFORD, TENNESSEE'S
PARTIAL MOTION TO DISMISS

A City of Munford police officer shot Plaintiff Cherrele Payton in the face after a car chase. So in August 2025, she sued officer William Spearman and the City of Munford, Tennessee ("City") under 42 U.S.C. § 1983 alleging Fourth and Fourteenth Amendment violations. (ECF No. 1 at PageID 1.) She also alleges negligence under the Tennessee Government Tort Liability Act ("TGTLA") as an alternative claim against the City. (*Id.*) Plaintiff seeks punitive damages under both statutes. (*Id.* at PageID 7–9.)

The City now moves to dismiss the TGTLA and punitive damages claims.[1] (ECF No. 11.) Plaintiff responded (ECF No. 14), and the City replied (ECF No. 15). For the reasons below, the Court **GRANTS** the City's Motion and **DISMISSES** Plaintiff's TGTLA and punitive damages claims against it **WITH PREJUDICE**.

---

[1] Although the Complaint does not appear to sue the City under § 1983, the City describes its Motion to Dismiss as "partial." (*See* ECF No. 15 (styled as "Reply in Support of Defendant City of Munford's *Partial* Motion to Dismiss" (emphasis added)).)

## <u>BACKGROUND</u>

Plaintiff alleges that she suffers from "bipolar disorder with schizophrenic tendencies." (ECF No. 1 at Page ID 2.)  She controls her symptoms with medication and is generally an independent, high-functioning adult.  (*Id.* at PageID 2–3.)  But Plaintiff can hallucinate and have psychotic delusions when not medicated.  (*Id.* at PageID 3.)  And on August 19, 2024, she left her home in Corinth, Mississippi, after experiencing "a psychotic episode" and drove to Tipton County, Tennessee.  (*Id.*)

When police in Tipton County tried to pull her over for speeding, Plaintiff "panicked" and refused to pull over.  (*Id.*)  She then led the police on a car chase for around ten minutes.[2] (*Id.*)  The chase ended when law enforcement stopped Plaintiff's vehicle with spike strips.  (*Id.*) Defendant William Spearman—who was a Munford police officer at the time[3]— pulled behind Plaintiff's vehicle, exited his squad car, and drew his firearm.  (*Id.*)  After approaching Plaintiff's driver side window, he "discharged his weapon through [Plaintiff's] open window and toward her head."  (*Id.*)  The bullet struck Plaintiff just below her left eye.  (*Id.*)  She survived, but required "extensive medical intervention, including multiple reconstructive surgeries."  (*Id.* at PageID 5.)

Plaintiff sued Spearman and the City about a year later under § 1983.  (*Id.* at PageID 1, 6–7.)  She also brings an alternative negligence claim against the City under the TGTLA.  (*Id.* at PageID 7–8.)  Plaintiff seeks compensatory and punitive damages under both statutes.  (*Id.* at PageID 7–9.)  The City now moves to dismiss the TGTLA and punitive damages claims under

---

[2] Plaintiff's criminal charges for this chase are pending in the Tipton County Circuit Court.  (*Id.*)
[3] A Tipton County grand jury indicted Spearman for aggravated assault, and the Munford Police Department terminated him from the force for cause.  (*Id.*)

Federal Rule of Civil Procedure 12(b)(6). [4]   (ECF No. 11.)  The Court next outlines the legal standard before considering the parties' arguments.

### LEGAL STANDARD

To withstand a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient facts that "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  And that right to relief must rise "above the speculative level."  *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016) (quoting *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012)).  So to satisfy the plausibility standard, the complaint must "contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory."  *Golf Vill. North, LLC v. City of Powell*, 14 F.4th 611, 618 (6th Cir. 2021) (quoting *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012)) (citation omitted).

It follows that courts will grant a motion to dismiss if the plaintiff's complaint lacks a plausible claim for relief.  *Herold v. Green Tree Serv., LLC*, 608 F. App'x 328, 331 (6th Cir. 2015).  At the same time, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  But a court "need not

---

[4] Plaintiff conceded her punitive damages claim against the City in her Response.  (*See* ECF No. 14 at PageID 62 (conceding that the City's "Rule 12(b)(6) motion to dismiss should be GRANTED with respect to its immunity from punitive damages").)  So the Court **GRANTS** the City's Motion as to Plaintiff's claim for punitive damages.

accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

## ANALYSIS

The issue here is narrow.  The Court must decide whether Plaintiff can sue the City's employee for an intentional civil rights violation while also bringing an alternative negligence claim against the City based on the same facts.  As explained below, the answer is "no."

The City argues that the Court should dismiss the TGTLA claim because it is immune under the statute's civil rights exception.  (ECF No. 11-1 at PageID 46–47.)  To be sure, the TGTLA removes "[i]mmunity from suit of all governmental entities . . . for injury proximately caused by a negligent act or omission of any employee within the scope of his employment *except* if the injury arises out of . . . *civil rights*."  Tenn. Code Ann. § 29-20-205(2) (emphasis added).  According to the City this exception includes § 1983 claims.  (ECF No. 11-1 at PageID 46.)  And because Plaintiff's state-law negligence claim arises from the same set of facts that allegedly give rise to her § 1983 claim—that is, Spearman shooting her—the City has immunity under the TGTLA.  (ECF No. 11-1 at PageID 46; ECF No. 15 at PageID 65–68.)  Plaintiff counters that there is "[n]o binding authority [to] support[] [the City's] effort to expand the meaning of 'civil rights' here to include unintentional acts or omissions."  (ECF No. 14 at PageID 54–55.)

The parties cite various cases to support their positions.  *See, e.g.*, *Cochran v. Town of Jonesborough*, 586 S.W.3d 909 (Tenn. Ct. App. 2019); *Johnson v. City of Memphis*, 617 F.3d 864 (6th Cir. 2010).  And Plaintiff frames the issue as one of statutory interpretation.  (ECF No. 14 at PageID 53.)  But the Court need not resort to statutory interpretation or connect the dots

4

across various cases because the Sixth Circuit has already done so.  *See Mosier v. Evans*, 90 F.4th 541, 550–555 (6th Cir. 2024).

Indeed, the Sixth Circuit in *Mosier* addressed the same question posed here: Whether a plaintiff can plead an intentional tort claim under § 1983 against an individual and maintain an alternative TGTLA negligence action against a municipality.  *Id.*; *see also id.* at 551 ("What does it mean to arise out of civil rights?  The Tennessee Supreme Court has not answered the question, so we must predict what the Tennessee Supreme Court would say." (citation omitted)).  Like here, the plaintiff in *Mosier* sued a police officer and a municipality for excessive force, among other claims.  *Id.* at 545–46.  And he also brought a negligence claim under the TGTLA in the alternative.  *Id.* at 550.

The Sixth Circuit started its analysis by noting that the Tennessee Court of Appeals in *Cochran*, "rejected the notion that a plaintiff could avoid the civil-rights exception simply by casting his claims as sounding in negligence." *Id.* at 552.  So, according to *Cochran's* construction, a court "must look to the 'gravamen' of the plaintiff's claim—'"the substantial point, the real purpose, or the object" of the action.'" *Id.* (quoting *Cochran*, 586 S.W.3d at 918–19).  The Sixth Circuit then held that "an injury arises out of civil rights when a civil-rights violation is the 'gravamen' of the complaint." *Id.* at 553.  And it reasoned that the way a plaintiff "character[izes]" the claims in his complaint "does not control," all that matters is the "claim's 'substantial point' or 'real purpose.'" *Id.*

In other words, *Mosier* found that a plaintiff cannot circumvent the civil rights exception simply by pleading negligence in the alternative to § 1983 claims when both arise from the same underlying conduct, no matter how the plaintiff characterizes the facts in the complaint.  *Id.* at 554; *see also id.* at 533 ("Rather, Tennessee courts ask whether the claim is 'based on the same

facts' or is sufficiently related to an accepted civil-rights claim." (quoting *Cochran*, 586 S.W.3d at 918–19)).

Applying this reasoning to the claims before it, the Sixth Circuit held that the TGTLA's civil rights exception barred the plaintiff's alternative negligence claim against a municipality. *Id.* at 554. That was because the plaintiff's negligence claim against the municipality was based on the same conduct as his excessive force claim against the individual officer.[5] *Id.* As the *Mosier* court explained:

> The gravamen of Mosier's negligence claims . . . is that Evans applied too much force in controlling Mosier and "should be held responsible." Under Tennessee law, that is sufficiently related to a civil-rights claim to be barred by the civil-rights exception, regardless of Mosier's characterization. Mosier's negligence claims against Crockett County are premised on that same use of force, and on the same employment practices that Mosier challenges in his § 1983 claim.

*Id.* (internal citations omitted). This ruling establishes that a plaintiff cannot circumvent the TGTLA's civil rights exception by merely pleading negligence in the alternative to § 1983 claims when both arise from the same underlying conduct, however the plaintiff characterizes the facts in the complaint.

Applying *Mosier*'s guidance here, Plaintiff's TGTLA claim fails because the City's alleged negligence is based on the same set of facts that Plaintiff alleged was an intentional tort in violation of § 1983. (ECF No. 1 at Page ID 2–6.) Plaintiff has already conceded as much. In her response, she states that her "Section 1983 claim represents the thrust of her lawsuit." (ECF No. 14 at PageID 52.) And she acknowledges that "like her Section 1983 claim, the negligence

---

[5]In *Mosier*, Deputy Evans arrested Mosier for public intoxication, and upon escorting him through the Crockett County Jail, Evans injured Mosier. *Id.* at 544–45. Evans was escorting Mosier to the booking area, holding the strap of Mosier's overalls. *Id.* at 545. When Mosier resisted, Evans grabbed the overall strap with both hands and pulled it down toward him, causing Mosier to hit the concrete floor headfirst. *Id.* Mosier sued alleged Deputy acted either intentionally or negligently. *See id.* at 554.

claim rests on allegations about what occurred in the aftermath of the police pursuit."[6] (*Id.* at PageID 59.)

Thus, considering the "gravamen" of Plaintiff's complaint, the alleged facts serve as the basis for both the federal and negligence claims. And the civil rights exception under TGTLA bars Plaintiff from pursuing the negligence claim against the City. The Court therefore **GRANTS** the City's Motion to Dismiss as to Plaintiff's state-law negligence claim under the civil rights exception to Tenn. Code Ann. § 29-20-205(2) and **DISMISSES** those claims **WITH PREJUDICE**.

**CONCLUSION**

For the reasons above, the TGTLA's civil-rights exception bars Plaintiff's negligence claim against the City. The Court therefore **GRANTS** the City's Motion to Dismiss and **DISMISSES** Plaintiff's claims against it **WITH PREJUDICE**.

**SO ORDERED**, this 22nd day of April, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[6] Plaintiff suggests that pleading alternative facts—i.e., that Spearman negligently shot her instead of intentionally shooting her—saves the GTLA claim. (*See* ECF No. 14 at PageID 60–61.) But as already explained, Mosier rejected that same argument. *See* 90 F.4th at 554–55.